IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| COBALT INTERNATIONAL ENERGY, INC., § § §<br>Plaintiff, §<br> §<br>v. §<br> §<br>ILLINOIS NATIONAL INSURANCE §<br>COMPANY; and AXIS INSURANCE §<br>COMPANY, §<br> §<br>Defendants. § § § | CIVIL ACTION NO. _____ |

**DEFENDANT ILLINOIS NATIONAL INSURANCE COMPANY'S AND DEFENDANT AXIS INSURANCE COMPANY'S NOTICE OF REMOVAL**

Defendants Illinois National Insurance Company ("Illinois National") and AXIS Insurance Company ("AXIS") (collectively, "Defendants") file this Notice of Removal of Cause No. 2016-31648, *Cobalt International Energy, Inc. v. XL Specialty Insurance Co., et al.*, in the 125th Judicial District Court of Harris County, Texas (the "State Court Action") to the United States District Court for the Southern District of Texas, Houston Division.

**I.     Procedural History**

1.     On May 13, 2016, Plaintiff Cobalt International Energy, Inc. ("Cobalt") filed its Original Petition against XL Specialty Insurance Co. ("XL") in the State Court Action.[1]

2.     XL was served with the Original Petition on May 19, 2016.[2] It filed its Original Answer on June 8, 2016,[3] and demanded a jury the same day.[4]

---

[1] A true and correct copy of the Original Petition is attached as **Exhibit A-1**.

[2] A true and correct copy of the citation showing service of the Original Petition on XL is attached as

3.    The State Court Action proceeded solely between Cobalt and XL until September 15, 2016, when Intervenors Jack E. Golden, Jon A. Marshall, D. Jeff van Steenbergen, Myles W. Scoggins, Martin H. Young, William P. Utt, Kenneth W. Moore, Jr., James W. Farnsworth, Joseph H. Bryant, John P. Wilkirson, J. Hardy Murchison, Peter R. Coneway, N. John Lancaster, Jr., Henry Cornell, and Kenneth A. Pontarelli (collectively "Intervenors") filed their Original Petition in Intervention against XL.[5]

4.    On December 20, 2016, Cobalt filed its Second Amended Petition, adding Illinois National to the State Court Action.[6] Illinois National was served with the Second Amended Petition on December 29, 2016.[7]

5.    On December 26, 2016, Cobalt filed its Third Amended Petition (the "Live Petition") adding AXIS to the State Court Action.[8] AXIS was served with the Live Petition on December 29, 2016.[9] Illinois National was served with the Live Petition on January 11, 2017.[10]

6.    On January 6, 2017, Intervenors filed their First Amended Petition in Intervention against XL, Illinois National, and AXIS.[11]

---

**Exhibit B-1**.

[3] A true and correct copy of XL's Original Answer is attached as **Exhibit A-2**.

[4] A true and correct copy of XL's Jury Demand is attached as **Exhibit C**.

[5] A true and correct copy of the Original Petition in Intervention is attached as **Exhibit A-3**.

[6] A true and correct copy of the Second Amended Petition is attached as **Exhibit A-4**.

[7] A true and correct copy of the citation showing service of the Second Amended Petition on Illinois National is attached as **Exhibit B-2**.

[8] A true and correct copy of the Live Petition is attached as **Exhibit A-5**. A true and correct copy of the State Court Docket Sheet filed with the Petition is attached as **Exhibit D**.

[9] A true and correct copy of the citation showing service of the Live Petition on AXIS is attached as **Exhibit B-3**.

[10] A true and correct copy of the citation showing service of the Live Petition on Illinois National is attached as **Exhibit B-4**.

[11] A true and correct copy of the First Amended Petition in Intervention is attached as **Exhibit A-6**.

7.  Illinois National filed its Original Answer to the Live Petition on February 10, 2017.[12]  It also filed its Original Answer to the First Amended Petition in Intervention the same day.[13]

8.  On April 14, 2017, AXIS filed both a Plea to the Jurisdiction or, in the Alternative, Plea in Abatement[14] and its Original Answer to the Live Petition and First Amended Petition in Intervention.[15]

## II.  Cobalt's Settlement with XL and Dismissal of XL from the Lawsuit

9.  Cobalt and XL have agreed to settle the lawsuit as between each other. Accordingly, Cobalt dismissed XL from the Lawsuit on May 8, 2017, by filing its Notice of Dismissal with Prejudice Against XL (the "Dismissal").[16]  The Court entered an order dismissing XL from the lawsuit on May 9, 2017.[17]

## III.  Basis for Removal:  Diversity Jurisdiction

10.  This action is removable pursuant to 28 U.S.C. §§ 1332(a), 1441(a).  Pursuant to § 1332(a), federal district courts have original jurisdiction over civil actions where the matter in controversy exceeds $75,000 and where the action is between citizens of different States.  28 U.S.C. § 1332(a)(1).

   a.  Plaintiff Cobalt is a Delaware Corporation with its principal place of business in

---

[12] A true and correct copy of Illinois National's Original Answer to the Live Petition is attached as **Exhibit A-7**.

[13] A true and correct copy of Illinois National's Original Answer to the First Amended Petition in Intervention is attached as **Exhibit A-8**.

[14] A true and correct copy of AXIS's Plea to the Jurisdiction or, in the Alternative, Plea in Abatement is attached as **Exhibit A-9**.

[15] A true and correct copy of AXIS's Original Answer to the Live Petition is attached as **Exhibit A-10**.

[16] A true and correct copy of Cobalt's Notice of Dismissal with Prejudice Against XL is attached as **Exhibit E**.

[17] A true and correct copy of Cobalt's Order dismissing XL with Prejudice is attached as **Exhibit F-9**.

        Harris County, Texas. (A corporation is "deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

  b.    Defendant Illinois National is an Illinois corporation with its principal place of business in New York. Defendant AXIS is an Illinois corporation with its principal place of business in Georgia.

Thus, there is a complete diversity of citizenship between the parties to this lawsuit.

11. XL, a Delaware corporation, was not diverse to Cobalt who is also a Delaware corporation. Thus, when Illinois National and AXIS were initially brought into the lawsuit, XL's citizenship prevented removal on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1441(b). But now that XL has settled the lawsuit and been dismissed, the matter has become removable. *See* 28 U.S.C. § 1446(b)(3).

12. Based on the allegations in Plaintiff's Live Petition, the amount in controversy exceeds $75,000 (exclusive of interest and costs). Specifically, Plaintiff is seeking monetary relief of over $1,000,000. *See* Ex. A-5, Live Petition at ¶ 6, 108.

## IV. Timeliness of Removal

13. This removal was timely filed within thirty days of Defendants being served with a copy of Cobalt's Dismissal, which is when Defendants first ascertained the case had become removable. *See* 28 U.S.C. § 1446(b)(3) ("[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."). Cobalt filed the Dismissal on May 8, 2017. *See* Ex. E. Defendants were served with Cobalt's Dismissal that same day. *See id.* Defendants have filed this Notice of Removal on May 10, 2017, less than thirty days after the Dismissal.

14. The removal is also timely filed within one year of the commencement of the State Court Action. Cobalt filed its Original Petition against XL on May 13, 2016. *See* Ex. A-1. Defendants have filed this Notice of Removal on May 10, 2017, less than one year after May 13, 2016.

## V. Non-Waiver of Defenses

15. By filing this Notice of Removal, Defendants do not waive any defenses that may be available to them and do not concede that the allegations in the Live Petition state a valid claim under any applicable law.

## VI. Propriety of Removal to this Court

16. The 125th Judicial District Court of Harris County, Texas, is located within the Southern District of Texas, Houston Division. Consequently, under 28 U.S.C. § 1441(a), this action is properly removed to this Court.

## VII. Additional Procedural Matters

17. In accordance with Local Rule 81, this Notice of Removal is accompanied by the following documents:

   a) The pleadings filed in this matter (**Exhibits A-1** through **A-10**);

   b) All executed process in this case (**Exhibits B-1** through **B-4**);

   c) The docket sheet (**Exhibit D**);

   d) All orders signed by the judge (**Exhibits F-1** through **F-9**);

   e) An index of matters being filed (**Exhibit G**); and

   f) A list of all counsel of record, including addresses, telephone numbers and parties represented (**Exhibit H**).

18. Upon filing this Notice of Removal, Defendants will provide written notification to Plaintiff and will file a Notification of Removal, attaching a copy of this Notice of Removal, with the Clerk for the 125th Judicial District Court of Harris County, Texas.

19. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

## **CONCLUSION**

Removal of this action is proper because the amount in controversy exceeds $75,000, complete diversity exists, and Defendants have timely removed the matter. The undersigned Defendants hereby remove this action from the State Court of Texas, Harris County, to this Honorable Court. Defendants pray that the United States District Court for the Southern District of Texas, Houston Division, accepts this Notice of Removal.

Dated: May 10, 2017

Respectfully submitted,

| NORTON ROSE FULBRIGHT US LLP | DLA PIPER LLP (US) |
|---|---|
| By: */s/ Robert S. Harrell* | By: */s/ Ileana Blanco* |
| Robert S. Harrell | Ileana Blanco |
| State Bar No. 09041350 | Texas Bar No. 02449590 |
| Federal ID No. 6690 | Federal ID No. 948 |
| robert.harrell@nortonrosefulbright.com | ileana.blanco@dlapiper.com |
| Rafe S. Schaefer | Brett D. Solberg |
| State Bar No. 24077700 | Texas Bar No. 24070651 |
| Federal ID No. 1743273 | brett.solberg@dlapiper.com |
| rafe.schaefer@nortonrosefulbright.com | 1000 Louisiana Street |
| Nicole Lynn | Suite 2800 |
| State Bar No. 24095526 | Houston, Texas 77002-5005 |
| (*Southern District of Texas admission pending*) | 713-425-8482 |
| nicole.lynn@nortonrosefulbright.com | Joseph G. Finnerty III *(pro hac vice to be filed)* |
| 1301 McKinney, Suite 5100 | joseph.finnertyiii@dlapiper.com |
| Houston, TX 77010-3095 | Megan Shea Harwick *(pro hac vice to be filed)* |
| Telephone:    (713) 651-5151 | megan.shea@dlapiper.com |
| Facsimile:    (713) 651-5246 | Neal Kronley *(pro hac vice to be filed)* |
| **Attorneys for Defendant** | neal.kronley@dlapiper.com |
| **Illinois National Insurance Company** | 1251 Avenue of the Americas |
| | New York, NY 10020 |
| | P: 212-335-4584 |
| | **Attorneys for Defendant** |
| | **AXIS Insurance Co.** |

## CERTIFICATE OF SERVICE

This document has been served upon all counsel of record in compliance with the Federal Rules of Civil Procedure on May 10, 2017.

*/s/ Robert S. Harrell*
Robert S. Harrell