## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **COBALT INTERNATIONAL ENERGY, INC.,** | § § § | |
| **Plaintiff,** | § § | |
| **v.** | § § § | **CIVIL ACTION NO. 4:17-cv-01450** |
| **ILLINOIS NATIONAL INSURANCE CO.** | § § § | |
| **Defendants.** | § § § | |

## DEFENDANT ILLINOIS NATIONAL INSURANCE CO.'S
## ANSWER TO PLAINTIFF COBALT'S FOURTH AMENDED PETITION

Defendant Illinois National Insurance Co. ("Illinois National") files this Answer in response to Plaintiff's Fourth Amended Petition ("Petition").

1.      Illinois National lacks knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 1 but admits that Cobalt purports to be a Delaware corporation with its principal place of business in Harris County, Texas.

2.      Illinois National denies that Jack E. Golden is a real party in interest to the dispute. Illinois National lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2 and therefore denies those allegations.

3.    Illinois National denies that Jon A. Marshall is a real party in interest to the dispute. Illinois National lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3 and therefore denies those allegations.

4.    Illinois National denies that D. Jeff van Steenbergen is a real party in interest to the dispute. Illinois National lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4 and therefore denies those allegations.

5.    Illinois National denies that Myles W. Scoggins is a real party in interest to the dispute. Illinois National lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5 and therefore denies those allegations.

6.    Illinois National denies that Martin H. Young, Jr. is a real party in interest to the dispute. Illinois National lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6 and therefore denies those allegations.

7.    Illinois National denies that William P. Utt is a real party in interest to the dispute. Illinois National lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7 and therefore denies those allegations.

8.     Illinois National denies that Kenneth W. Moore is a real party in interest to the dispute. Illinois National lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8 and therefore denies those allegations.

9.     Illinois National denies that James W. Farnsworth is a real party in interest to the dispute. Illinois National lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9 and therefore denies those allegations.

10.     Illinois National denies that Joseph H. Bryant is a real party in interest to the dispute. Illinois National lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10 and therefore denies those allegations.

11.     Illinois National denies that John P. Wilkirson is a real party in interest to the dispute. Illinois National lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11 and therefore denies those allegations.

12.     Illinois National denies that J. Hardy Murchison is a real party in interest to the dispute. Illinois National lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12 and therefore denies those allegations.

13.     Illinois National denies that Peter R. Coneway is a real party in interest to the dispute. Illinois National lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13 and therefore denies those allegations.

14.     Illinois National denies that N. John Lancaster, Jr. is a real party in interest to the dispute. Illinois National lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14 and therefore denies those allegations.

15.     Illinois National denies that Henry Cornell is a real party in interest to the dispute. Illinois National lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15 and therefore denies those allegations.

16.     Illinois National denies that Kenneth A. Pontarelli is a real party in interest to the dispute. Illinois National lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16 and therefore denies those allegations.

17.     Illinois National admits it is an Illinois corporation with its principal place of business in New York, which does business in the state of Texas and may be served through its registered agent for service of process in Texas: Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218. To

the extent further response is required, Illinois National denies the allegations contained in Paragraph 17.

18.     As the allegations in Paragraph 18 are not directed at Illinois National, no response is required.

19.     Illinois National admits that Cobalt purports to seek monetary relief over $1,000,000. Illinois National denies the remaining allegations contained in Paragraph 19.

20.     Illinois National admits that this Court has personal jurisdiction over it, and Illinois National denies the remaining allegations contained in Paragraph 20.

21.     As the allegations in Paragraph 21 are not directed at Illinois National, no response is required.

22.     Illinois National admits venue is proper in Harris County as to Illinois National, and to the extent further response is required, Illinois National denies the allegations contained in Paragraph 22.

23.     Illinois National admits that Cobalt is a publicly traded company and that Cobalt obtained Illinois National insurance policies No. 01-499-94-38 and No. 01-739-05-86, which are at issue in this action. Illinois National lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23 and therefore denies those allegations.

24. Illinois National lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24 and therefore denies those allegations.

25. Illinois National admits that Cobalt obtained certain insurance policies from Illinois National, including those numbered 01-499-94-38 and 01-739-05-86. Illinois National denies that it has made an improper denial of insurance coverage. Illinois National lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25 and therefore denies those allegations.

26. To the extent the allegations in Paragraph 26 are not directed at Illinois National, no response is required. Illinois National denies the remaining allegations contained in Paragraph 26.

27. Illinois National denies the allegations contained in Paragraph 27.

28. Illinois National denies the allegations contained in Paragraph 28.

29. As the allegations in Paragraph 29 are not directed at Illinois National, no response is required.

30. As the allegations in Paragraph 30 are not directed at Illinois National, no response is required.

31. As the allegations in Paragraph 31 are not directed at Illinois National, no response is required.

32.     As the allegations in Paragraph 32 are not directed at Illinois National, no response is required.

33.     As the allegations in Paragraph 33 are not directed at Illinois National, no response is required.

34.     Illinois National lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and therefore denies those allegations.

35.     Illinois National lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 and therefore denies those allegations.

36.     Illinois National lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and therefore denies those allegations.

37.     Illinois National admits that on April 15, 2012, the Financial Times published two articles, one titled "Angolan Officials Held Hidden Oil Stakes" and the other titled "Spotlight Falls on Cobalt's Angola Partner." To the extent further response is required, Illinois National lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 and therefore denies those allegations.

38.     Illinois National lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 and therefore denies those allegations.

39.     Illinois National lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 and therefore denies those allegations.

40.     Illinois National lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 and therefore denies those allegations.

41.     Illinois National lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 and therefore denies those allegations.

42.     Illinois National lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 and therefore denies those allegations.

43.     Illinois National lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 and therefore denies those allegations.

44.     Illinois National lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 and therefore denies those allegations.

45.     Illinois National lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 and therefore denies those allegations.

46.     Illinois National admits Cobalt obtained Policy No. 01-499-94-38, which had a policy period of December 15, 2012 to December 15, 2013. Illinois National lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 46 and therefore denies those allegations.

47.     Illinois National admits Cobalt obtained Illinois National Policy No. 01-499-94-38, the terms of which speak for themselves, and denies the remaining allegations in Paragraph 47.

48.     Illinois National states the terms of Policies No. 01-499-94-38 and No. 01-739-05-86 speak for themselves; to the extent an additional response is required, Illinois National denies the remaining allegations in Paragraph 48.

49.     Illinois National states the terms of Policies No. 01-499-94-38 and No. 01-739-05-86 speak for themselves; to the extent an additional response is required, Illinois National denies the remaining allegations in Paragraph 49.

50.     Illinois National states the terms of Policies No. 01-499-94-38 and No. 01-739-05-86 speak for themselves; to the extent an additional response is required, Illinois National denies the remaining allegations in Paragraph 50.

51.     Illinois National states the terms of Policy No. 01-499-94-38 speak for themselves; to the extent an additional response is required, Illinois National denies the remaining allegations in Paragraph 51.

52.     Illinois National states the terms of Policy No. 01-499-94-38 and Policy No. 01-739-05-86 speak for themselves. Illinois National admits the aggregate limit of liability of Policy No. 01-499-94-38 is $10 million, the aggregate limit of liability of Policy No. 01-739-05-86 is $10 million, each policy has a $2.5 million Securities Retention, each policy has a $2.5 million Employment Practices Retention, each policy has a $2.5 million retention for all other Loss to which a Retention applies, and for each policy Derivative Investigation Costs are subject to a $250,000 aggregate sublimit of liability. Illinois National denies the remaining allegations in Paragraph 52.

53.     Illinois National lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 and therefore denies those allegations.

54.     Illinois National lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 and therefore denies those allegations.

55.     Illinois National lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 and therefore denies those allegations.

56.     Illinois National admits Cobalt obtained Illinois National Policy No. 01-739-05-86, the terms of which speak for themselves, and denies the remaining allegations in Paragraph 56.

57.     Illinois National states the terms of Policy No. 01-739-05-86 speak for themselves. Illinois National admits that Illinois National Policy No. 01-739-05-86 contains an Endorsement 34 titled "Specific Investigation / Claim / Litigation / Event or Act Exclusion" and denies the remaining allegations in Paragraph 57.

58.     Illinois National lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 and therefore denies those allegations.

59.     Illinois National lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 and therefore denies those allegations.

60.     Illinois National lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 and therefore denies those allegations.

61.     Illinois National lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 and therefore denies those allegations.

62.     Illinois National lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 and therefore denies those allegations.

63.     Illinois National lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 and therefore denies those allegations.

64.     Illinois National lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 and therefore denies those allegations.

65.     Illinois National lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 and therefore denies those allegations.

66.     Illinois National admits purported Cobalt shareholders brought demands for investigation and/or actions against Cobalt and several of its directors

and officers. Illinois National lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 66 and therefore denies those allegations.

67.     Illinois National admits the following actions have been filed:

a.      *St. Lucie County Fire District Firefighters' Pension Trust Fund v. Bryant*, Civ. A. No. 4:14-cv-03428 (U.S. District Court for the Southern District of Texas, November 30, 2014);

b.      *Neuman v. Cobalt*, Civ. A. No. 4:14-cv-03488 (U.S. District Court for the Southern District of Texas, December 5, 2014) (consolidated with *St. Lucie* into *In re Cobalt International Energy, Inc. Securities Litigation*, Civ. A. No. 4:14-cv-03428);

c.      *Ogden v. Bryant*, Civ. A. No. 4:15-cv-00139 (S.D. Tex. 2015) (dismissed);

d.      *Gaines v. Bryant*, Cause No. 2016-29850 (Harris County District Court 2016); and

e.      *McDonaugh v. Bryant*, Cause No. 2016-82186 (Harris County District Court 2016).

Illinois National denies the remaining allegations in Paragraph 67.

68.     Illinois National admits Cobalt has received demands from Ira Gaines as Trustee for Paradise Wire and Cable Defined Benefit Pension Plan, Karen

McDonaugh, and Michael Hafkey. Illinois National lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 68 and therefore denies those allegations.

69.    Illinois National admits that many of the above state and federal court actions allege misrepresentations by Cobalt about Nazaki Oil and Gaz's relationship with senior Angolan government officials and/or the Lontra and Loengo wells; Illinois National denies the remaining allegations in Paragraph 69.

70.    To the extent the allegations in Paragraph 70 are not directed at Illinois National, no response is required. Illinois National denies the remaining allegations contained in Paragraph 70.

71.    To the extent the allegations in Paragraph 71 are not directed at Illinois National, no response is required. Illinois National denies the remaining allegations contained in Paragraph 71.

72.    Illinois National admits that it has denied coverage to Cobalt. Illinois National states the terms of Policy No. 01-499-94-38 and Policy No. 01-739-05-86 speak for themselves. Illinois National denies the remaining allegations contained in Paragraph 72.

73.    Illinois National lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 and therefore denies those allegations.

74.     As the allegations in Paragraph 74 are not directed at Illinois National, no response is required; to the extent they do require a response from Illinois National, they are denied.

75.     As the allegations in Paragraph 75 are not directed at Illinois National, no response is required; to the extent they do require a response from Illinois National, they are denied.

76.     As the allegations in Paragraph 76 are not directed at Illinois National, no response is required; to the extent they do require a response from Illinois National, they are denied.

77.     As the allegations in Paragraph 77 are not directed at Illinois National, no response is required; to the extent they do require a response from Illinois National, they are denied.

78.     As the allegations in Paragraph 78 are not directed at Illinois National, no response is required; to the extent they do require a response from Illinois National, they are denied.

79.     Illinois National admits that Paragraph 79 incorporates the allegations of paragraphs 1 through 78, and Illinois National incorporates here its responses to each of those allegations. To the extent further response is required, Illinois National denies the remaining allegations in Paragraph 79.

80.     Illinois National admits that Policy No. 01-499-94-38 and Policy No. 01-739-05-86 are each a valid contract between Cobalt and Illinois National and denies the remaining allegations in Paragraph 80.

81.     Illinois National states the terms of Policy No. 01-499-94-38 and Policy No. 01-739-05-86 speak for themselves and denies the remaining allegations in Paragraph 81.

82.     Illinois National denies the allegations in Paragraph 82.

83.     Illinois National denies the allegations in Paragraph 83.

84.     Illinois National admits that Paragraph 84 incorporates the allegations of paragraphs 1 through 83, and Illinois National incorporates here its responses to each of those allegations. To the extent further response is required, Illinois National, denies the remaining allegations in Paragraph 84.

85.     Illinois National lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 and therefore denies those allegations.

86.     Illinois National denies the allegations in Paragraph 86.

87.     Illinois National denies the allegations in Paragraph 87.

88.     Illinois National admits that Paragraph 88 incorporates the allegations of paragraphs 1 through 87, and Illinois National incorporates here its responses to

each of those allegations. To the extent further response is required, Illinois National denies the allegations in Paragraph 88.

89.     Illinois National states that the provisions of the Texas Insurance Code, Chapter 542, speak for themselves and denies the remaining allegations in Paragraph 89.

90.     Illinois National denies the allegations in Paragraph 90.

91.     Illinois National denies the allegations in Paragraph 91.

92.     Illinois National denies the allegations in Paragraph 92.

93.     Illinois National admits that Paragraph 93 incorporates the allegations of paragraphs 1 through 92, and Illinois National incorporates here its responses to each of those allegations. To the extent further response is required, Illinois National denies the remaining allegations in Paragraph 93.

94.     Illinois National denies the allegations in Paragraph 94.

95.     Illinois National denies the allegations in Paragraph 95.

96.     Illinois National denies the allegations in Paragraph 96.

97.     Illinois National denies the allegations in Paragraph 97.

98.     Illinois National denies the allegations in Paragraph 98.

99.     Illinois National denies the allegations in Paragraph 99.

100.    Illinois National admits that Paragraph 100 incorporates the allegations of paragraphs 1 through 99, and Illinois National incorporates here its

responses to each of those allegations. To the extent further response is required, Illinois National denies the remaining allegations in Paragraph 100.

101.   Illinois National states the terms of Policy No. 01-499-94-38 and Policy No. 01-739-05-86 speak for themselves and denies the remaining allegations in Paragraph 101.

102.   Illinois National denies the allegations in Paragraph 102.

103.   Illinois National admits that on July 14, 2017, Cobalt's attorneys presented a demand for reimbursement of certain costs allegedly related to demands for investigation of and to actions filed against Cobalt.  Illinois National denies the remaining allegations in Paragraph 103.

104.   Illinois National denies the allegations in Paragraph 104.

105.   Illinois National denies the allegations in Paragraph 105.

106.   To the extent the allegations in Paragraph 106 are not directed at Illinois National, no response is required. Illinois National denies the remaining allegations contained in Paragraph 106.

107.   Illinois National states the terms of Policy No. 01-499-94-38 and Policy No. 01-739-05-86 speak for themselves and denies the remaining allegations in Paragraph 107.

108.   Illinois National admits the allegations in Paragraph 108.

109. Illinois National admits Cobalt has demanded a jury. To the extent further response is required, Illinois National denies the remaining allegations in Paragraph 109.

110. Illinois National denies the allegations in Paragraph 110.

111. As the allegations in Paragraph 111 are not directed at Illinois National no response; to the extent they do require a response from Illinois National, they are denied.

## AFFIRMATIVE DEFENSES

Without conceding that the following are in fact affirmative defenses or that Illinois National has the burden of proving the allegations or denials of the following, Illinois National pleads the following affirmative defenses. And in asserting any defense, Illinois National does not admit any liability, but to the contrary, specifically denies any and all allegations of liability in Plaintiff's lawsuit.

1. Illinois National asserts that coverage is barred, in whole or in part, by Endorsement 37 to Policy No. 01-499-94-38, titled "Specific Investigation / Claim / Litigation / Event or Act Exclusion," and/or any similar exclusion in any applicable Illinois National policy.

2. Illinois National asserts that coverage is barred, in whole or in part, by Endorsement 34 to Policy No. 01-739-05-86, titled "Specific Investigation / Claim

/ Litigation / Event or Act Exclusion," and/or any similar exclusion in any applicable Illinois National policy.

3. Illinois National asserts that coverage is barred, in whole or in part, by Endorsement 22 to Policy No. 01-499-94-38 and/or Policy No. 01-739-05-86, titled "Commissions Exclusion," and/or any similar exclusion in any applicable Illinois National policy.

4. Illinois National asserts that coverage is barred, in whole or in part, by Exclusion (B)(1) of Policy No. 01-499-94-38 and/or Policy No. 01-739-05-86, titled "Conduct," and/or any similar exclusion in any applicable Illinois National policy.

5. Illinois National asserts that coverage is barred, in whole or in part, by Exclusion (B)(2) of Policy No. 01-499-94-38 and/or Policy No. 01-739-05-86, titled "Pending & Prior Litigation," and any similar provision in any applicable Illinois National policy.

6. Illinois National asserts that coverage is barred, in whole or in part, by Exclusion (B)(5) of Policy No. 01-499-94-38 and/or Policy No. 01-739-05-86, titled, "Entity v. Insured," and/or any similar provision in any applicable Illinois National policy.

7. Illinois National asserts that coverage is barred, in whole or in part, by any provisions of Policy No. 01-499-94-38 and/or Policy No. 01-739-05-86 that

bar a Claim arising prior to the Policy Period, including any relation-back clause(s) of the Policies, Section 7 of each policy, and/or any similar provision in any applicable Illinois National policy.

8. Illinois National asserts that coverage is barred, in whole or in part, by Section (7)(a) of Policy No. 01-499-94-38 and/or Policy No. 01-739-05-86, and/or any similar provision in any applicable Illinois National policy because Cobalt failed to provide timely notice and failed to provide notice within the applicable policy period of each policy.

9. Illinois National asserts that coverage is barred, in whole or in part, by Section (7)(b) of Policy No. 01-499-94-38 and/or Policy No. 01-739-05-86, and/or any similar provision in any applicable Illinois National policy, which provides:

> Claims actually first made or deemed first made prior to the inception date of this policy, Pre-Claim Inquiries first received or deemed first received by an Insured Person prior to the inception date of this policy, and Claims or Pre-Claim Inquiries arising out of any circumstances of which notice has been given under any directors and officers liability insurance policy in force prior to the inception date of this policy, are not covered under this policy.

10. Illinois National asserts that coverage is barred, in whole or in part, by Section (7)(c) of Policy No. 01-499-94-38 and/or Policy No. 01-739-05-86 and/or any similar provision in any applicable Illinois National policy because to the extent notice of circumstances was provided by any Insured that notice was

ineffective because it did not "specify the facts, circumstances, nature of the alleged Wrongful Act anticipated and reasons for anticipating such Claim."

11.     Illinois National asserts that coverage is barred, in whole or in part, by Section (7)(c) of Policy No. 01-499-94-38 and/or Policy No. 01-739-05-86 and/or any similar provision in any applicable Illinois National policy because to the extent notice of circumstances was provided by any Insured that notice was ineffective because it did not provide "full particulars as to dates, persons and entities involved, as such information [was] then reasonably known."

12.     Illinois National asserts that it has no duty to defend any Insured, because Section 9(A)(1) of Policy No. 01-499-94-38 and Policy No. 01-739-05-86, and any similar provision in any applicable policy disclaim the duty to defend and provide, instead, that "[t]he Insureds shall defend and contest any Claim made against them."

13.     Illinois National asserts that coverage is barred, in whole or in part, by Section 12(A)(1) of Policy No. 01-499-94-38 and/or Policy No. 01-739-05-86, titled "Indemnification by Organizations," and any similar provision in any applicable Illinois National policy.

14.     Illinois National asserts that coverage is barred, in whole or in part, by Section 12(A)(2) of Policy No. 01-499-94-38 and/or Policy No. 01-739-05-86,

titled "Other Insurance and Indemnification," and any similar provision in any applicable Illinois National policy.

15. Illinois National asserts that coverage is barred, in whole or in part, by Section 11(D) of Policy No. 01-499-94-38 and/or Policy No. 01-739-05-86, titled "Severability of the Application," and/or any similar provision in any applicable Illinois National policy because statements, warranties or representations were not accurately and completely disclosed in each policy's Application.

16. If Policy No. 01-499-94-38, Policy No. 01-739-05-86, or any applicable Illinois National policy was procured by means of a false statement or material omission, then coverage is precluded.

17. Illinois National asserts that coverage is barred, in whole or in part, because the claims against the Insureds are not claims first made or deemed first made during the policy period of Policy No. 01-499-94-38, Policy No. 01-739-05-86, and/or any subsequent Illinois National policy.

18. Illinois National asserts that coverage is barred, in whole or in part, by public policy.

19. Illinois National asserts that coverage is barred, in whole or in part, for those Insureds who seek coverage for wrongful conduct that was willful or intentional because such conduct is uninsurable as a matter of law and public policy.

20.     Illinois National asserts that coverage is barred, in whole or in part, for those Insureds who seek coverage for amounts that are uninsurable as a matter of law.

21.     Illinois National asserts that coverage is barred, in whole or in part, because the Insureds failed to provide timely notice to Illinois National.

22.     Illinois National specifically pleads all warranties, terms, definitions, provisions, conditions, exclusions and limitations of any applicable insurance policy, as if each is fully set forth herein in full.

23.     Illinois National asserts that coverage is barred, in whole or in part, for Loss on account of disgorgement, restitution, or similar remedies.

24.     Illinois National asserts that coverage is barred, in whole or in part, by the known loss doctrine.

25.     Illinois National is entitled to credit and/or offset for any settlement relating to this case, including but not limited to the settlement between Cobalt, the Intervenors, and XL Specialty Insurance Co.

26.     Illinois National is entitled to credit and/or offset for any settlement relating to this case, including but not limited to the settlement between Cobalt, the Intervenors, and Axis Insurance Company.

27.    Illinois National is entitled to credit and/or offset for any payments made by any insurer in relation to any of the demands for investigation of actions filed against Cobalt for which Cobalt seeks coverage from Illinois National.

## **PRAYER**

Having fully answered, Illinois National prays that Plaintiff and other Insureds take nothing by this action and that Illinois National be awarded its costs of court and reasonable attorneys' fees. Illinois National further requests such other relief, general and specific, legal and equitable, to which it is justly entitled.

Dated:       November 30, 2017       Respectfully submitted,

/s/ Robert S. Harrell
Robert S. Harrell
Attorney-in-charge
State Bar No. 09041350
Federal ID No. 6690
robert.harrell@nortonrosefulbright.com
1301 McKinney, Suite 5100
Houston, TX 77010-3095
Telephone:   (713) 651-5151
Facsimile:   (713) 651-5246

OF COUNSEL:
Rafe A. Schaefer
State Bar No. 24077700
Federal ID No. 1743273
rafe.schaefer@nortonrosefulbright.com
Jon C. Rice
State Bar No. 00786194
Federal ID No. 72606
jon.rice@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US
LLP
1301 McKinney, Suite 5100
Houston, TX 77010-3095
Telephone:   (713) 651-5151
Facsimile:   (713) 651-5246

ATTORNEYS FOR
DEFENDANT ILLINOIS NATIONAL
INSURANCE CO.

## **CERTIFICATE OF SERVICE**

I certify that a copy of this Amended Answer has been forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure on November 30, 2017.

*/s/ Robert S. Harrell*
Robert S. Harrell
