IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| COBALT INTERNATIONAL ENERGY, INC., | § § § | |
| Plaintiff, | § § | |
| JACK E. GOLDEN *et al.* | § § | |
| Intervenors, | § § | |
| v. | § § | Civil Action No. H-17-1450 |
| ILLINOIS NATIONAL INSURANCE COMPANY, *an AIG Subsidiary, et al.*, | § § § § | |
| Defendants. | § § | |

## ORDER

Pending before the Court is Plaintiff and Intervenor's Motion to Remand (Document No. 22). Having considered the motion, submissions, and applicable law, the Court determines the motion should granted.

## I.  BACKGROUND

This is an insurance coverage dispute. Plaintiff, Cobalt International Energy, Inc. ("Cobalt") is a publicly traded oil and gas exploration and production company with operations in the deep water Gulf of Mexico and offshore Angola and Gabon in West Africa. As part of Cobalt's operations, Cobalt procures management liability insurance to protect Cobalt and Cobalt's directors and

officers in the event of, *inter alia*, government investigations and private lawsuits. From December 15, 2012, to December 15, 2015, Defendant Illinois National Insurance Company ("Illinois") was the primary insurer of Cobalt and Cobalt's directors and officers under a Broad Form Management Liability Insurance Policy (the "D&O Policy") issued by Illinois. The Intervenors[1] are Cobalt's former and current directors and officers. Beginning in 2014, Cobalt's shareholders brought multiple lawsuits against Cobalt and several of Cobalt's directors and officers, including the Intervenors, based on certain alleged misrepresentations and omissions related to Cobalt's operations offshore Angola (the "Underlying Litigation"). Cobalt alleges the Underlying Litigation is covered by the D&O Policy and that Cobalt has satisfied all conditions precedent under the D&O Policy. Illinois has denied coverage.

Based on similar allegations, on May 13, 2015, Cobalt originally filed this lawsuit against another insurer, XL Insurance Co. ("XL"), in the 125th District Court of Harris County, Texas, asserting a claim for breach of contract and seeking declaratory relief. On September 15, 2016, Intervenors filed a petition in intervention, seeking declaratory relief against XL. On December 20, 2016, based

---

[1] The Intervenors in this case are Jack E. Golden, Jon A. Marshall, D. Jeff Van Steenbergen, Martin H. Young, William P. Utt, Kenneth W. Moore, James W. Farnswarth, Joseph H. Bryant, John P. Wilkirson, J. Hardy Murchison, Peter R. Coneway, N, John Lancaster, Jr., Henry Cornell, and Kenneth A. Pontarelli and are referred to, collectively, as the "Intervenors."

on the above allegations, Cobalt filed a second amended petition, adding Illinois as a defendant and asserting claims against Illinois for breach of contract, violations of the Texas Prompt Pay Act, Texas Insurance Code, and Texas Deceptive Trade Practices Act, and seeking declaratory relief. On December 26, 2016, Cobalt filed a third amended petition, adding another insurer, AXIS Insurance Company ("AXIS"), and seeking declaratory relief against AXIS. On January 6, 2017, Intervenors filed an amended petition in intervention, seeking declaratory relief against AXIS, XL, and Illinois. On May 10, 2017, Illinois and AXIS removed the case to this Court. XL and AXIS have since been dismissed from this lawsuit; Illinois is the only remaining defendant. On June 7, 2017, Cobalt and Intervenors (collectively, "Movants") moved to remand.

## II. STANDARD OF REVIEW

A defendant may remove a case to federal court if the federal court has subject matter jurisdiction to hear the original complaint. 28 U.S.C. § 1441(a). For a court to have jurisdiction based on diversity, there must be complete diversity of citizenship between the parties. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008). Federal courts have limited jurisdiction, so any doubts regarding whether federal jurisdiction is proper are resolved against federal jurisdiction. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). Accordingly, the removing party bears the burden of establishing that a state court

suit is removable to federal court. *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir. 1995). When evaluating a motion to remand, all factual allegations are considered in the light most favorable to the plaintiff, and any contested fact issues are resolved in the plaintiff's favor. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005). Any doubts about the propriety of removal are to be resolved in favor of remand. *Acuna*, 200 F.3d at 339.

### III. LAW AND ANALYSIS

Movants seek remand, contending there is not complete diversity of citizenship among the parties because two of the Intervenors, Henry Cornell and Kenneth A. Pontarelli, share New York citizenship with Illinois.[2] Illinois does not dispute that the Non-Diverse Intervenors share citizenship with Illinois[3] but contends the Intervenors' citizenship should be disregarded for removal purposes because the Intervenors are not real parties in interest.

In assessing whether diversity jurisdiction exists, "the citizenship of the real parties in interest is determinative, and the citizenship of nominal or formal parties who have no real interest in the dispute before the court may be disregarded . . . ." *Wolff v. Wolff*, 768 F.2d 642, 645 (5th Cir. 1985). A party is generally considered nominal or formal if, "in the absence of the party, the Court can enter a final

---

[2] The Court refers to Henry Cornell and Kenneth A. Pontarelli, collectively, as the "Non-Diverse Intervenors".

[3] Nor does Illinois object to the alignment of Intervenors as plaintiffs.

4

judgment consistent with equity and good conscience, which would not be in any way unfair or inequitable." *Louisiana v. Union Oil Co.*, 458 F.3d 364, 366–67 (5th Cir. 2006) (quoting *Acosta v. Master Maint. & Constr. Inc.*, 452 F.3d 373, 379 (5th Cir 2006)). When making this determination, practical considerations should be taken into account. *Id.* at 367 (citing *Shaughnessy v. Pedreiro*, 349 U.S. 48, 54 (1955)). "An alternative articulation of the test is whether or not a named party's role in the law suit is that of a depository or a stakeholder." *Id.* (quoting *Tri-Cities Newspapers, Inc v. Tri-Cities Printing Pressman & Assistants' Local 349*, 427 F.2d 325, 327 (5th Cir. 1970)).

Illinois contends Intervenors are not real parties in interest because Cobalt is indemnifying Intervenors for the Costs. However, even if Illinois is currently indemnifying Intervenors, Movants allege—and the Court accepts as true—that Intervenors remain independently liable for the Costs. Intervenors are named insureds under the D&O Policy, which allegedly requires Illinois to cover the Costs on behalf of Cobalt. Intervenors seek a declaration to that extent and in doing so seek protection from financial loss resulting from Intervenors' independent obligation to pay the Costs. Thus, viewing all factual allegations in the light most favorable to the Movants, the Court finds Intervenors have a monetary stake in the outcome of this lawsuit. The Court therefore concludes the Non-Diverse

Intervenors are real parties in interest in this suit, the presence of which destroys diversity jurisdiction.[4] Accordingly, the Movants' motion to remand is granted.[5]

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Plaintiff and Intervenor's Motion to Remand (Document No. 22) is **GRANTED** .

SIGNED at Houston, Texas, on this __*23*__ day of January, 2018.

DAVID HITTNER
United States District Judge

---

[4] Illinois also contends the Intervenors are not real parties in interest pursuant to Federal Rule of Civil Procedure 17(a)(1)(F). However, the "real party in interest" standard of Rule 17(a) is arguably inapplicable and, at a minimum, not dispositive. *See Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 463 (1980) ("There is a rough symmetry between the real party in interest standard of Rule 17(a) and the rule that diversity depends upon the citizenship of real parties to the controversy. But the two rules serve different purposes and need not produce identical outcomes in all cases."). Having already found Intervenors are real, not nominal or formal, parties to this controversy, the Court need not consider the parties' contentions regarding Rule 17(a).

[5] Pursuant to 28 U.S.C. § 1447(c), Movants also request the Court to order Illinois to pay Movants' costs and expenses, including reasonable attorneys' fees. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal." 28 U.S.C. § 1447(c). However, when removability of the case is plausible, a district court should deny costs and fees. *See* 14C Charles Alan Wright et al., Federal Practice and Procedure § 3739, at 488 (3d ed.1998); *see also Miranti v. Lee*, 3 F.3d 925, 928 (5th Cir. 1993) (refusing to award attorneys' fees to the plaintiff where the defendant's removal was reasonable). The Court finds Illinois's theory of removability is not sufficiently implausible so as to justify an award of costs. Accordingly, Movants' request for costs is denied.